UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VULCAN STEAM FORGING CO.,

        Plaintiff,

   v.

A. FINKL & SONS CO., COMPOSITE
FORGINGS LLC, FINKL HOLDINGS LLC,

        Defendants.

**DECISION AND ORDER**

19-CV-962S

## I. INTRODUCTION

In this action, Plaintiff Vulcan Steam Forging Co. ("Vulcan") seeks indemnification from Defendants A. Finkl & Sons Co., Composite Forgings LLC, and Finkl Holdings LLC, (collectively, "Finkl"), for losses or costs Vulcan has suffered or may suffer resulting from the malfunction of a metal forging that Defendants forged for Vulcan. Before this Court is Defendants' Motion to Dismiss Vulcan's complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12 (b)(1) and 12 (b)(6). For the following reasons, Defendants' motion will be granted in part and denied in part.

## II. BACKGROUND

The following facts are taken from Vulcan's Amended Complaint, from status reports filed by the parties, and from the amended third-party complaint filed against Vulcan in Florida, which Vulcan attached to its complaint.[1] At this stage, this Court

---

[1] In determining whether dismissal is warranted, a court may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied

1

assumes the truth of the factual allegations contained therein.  See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

Vulcan is a New York business that produces and sells specialty steel products. (Amended Complaint, Docket No. 1-3, ¶¶ 1, 11.) On September 22, 2015, Vulcan entered into a contract with nonparty Concepts NREC, LLC ("Concepts"), a Vermont company, promising to provide two forged pieces to Concepts ("the Forging"). (Id., ¶ 13.) Vulcan then entered into a contract with Defendants for Defendants to forge the Forging. (Id., ¶ 15.) Vulcan received the finished Forging from Defendants and delivered it to Concepts in Vermont. (Id., ¶ 16.)

Concepts then used the Forging in an NOx expander wheel that it supplied to nonparty Ascend Performance Materials, LLC ("Ascend"). (Concepts' Third-Party Complaint against Vulcan, Docket No. 1-4, ¶ 8.)

The expander wheel catastrophically failed within hours of its installation, causing Ascend to suffer financial damages. (Id., ¶¶ 16, 34.) Ascend brought an action against Concepts in the District Court for the Northern District of Florida, and Concepts filed a third-party complaint against Vulcan in the same action. (Id., ¶ 17.) Concepts alleged that the Forging it received from Vulcan was defective and sought breach of contract and tort damages and equitable subrogation and indemnification from Vulcan for any losses Concepts suffered in Ascend's action against it. (Id., ¶¶ 17-48.)

---

on it in framing the complaint, …, and [4] facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." Healthnow New York Inc. v. Catholic Health Sys., Inc., No. 14-CV-986S, 2015 WL 5673123, at *2–3 (W.D.N.Y. Sept. 25, 2015) (Skretny, J.) (citing In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d 351, 356–357 (S.D.N.Y. 2003) (footnotes omitted), aff'd 396 F.3d 161 (2d Cir. 2005), cert denied, 546 U.S. 935, 126 S. Ct. 421, 163 L. Ed. 2d 321 (2005)).

In an order dated February 21, 2019, the District Court for the Northern District of Florida dismissed Concepts' third-party action against Vulcan, finding no personal jurisdiction over Vulcan. (Docket No 1-3, ¶ 19.)

Vulcan commenced this action for indemnification against Defendants in New York State Supreme Court, and on July 22, 2019, Defendants removed this action to federal court. (Docket No. 1.) Vulcan sought indemnification from Defendants for any losses it had suffered or might suffer as a result of the Forging's failure. (See Docket No. 1-3.) On July 29, 2019, the parties jointly moved to stay this action pending resolution of the Florida action and awaiting a possible suit by Concepts against Vulcan in Vermont. (Docket No. 8.) Concepts and Ascend ultimately settled the Florida action, and it was dismissed with prejudice on April 3, 2020. (Status Report, Docket No. 19 at p. 2.) Concepts had expressed an intention to sue Vulcan in Vermont, but at the time of Defendants' motion to lift the stay in the present action, filed on June 5, 2020, no Vermont suit had been brought. (Docket No. 19 at p. 1; Docket No. 21-1 at p. 3.)

On June 23, 2020, this Court lifted the stay of this matter. (Docket No. 24.) Defendants filed the present motion to dismiss on July 7, 2020. (Docket No. 25.)

### III.  DISCUSSION

Vulcan seeks judgment that Defendants are liable to it, pursuant to the parties' contract, for any judgment recovered against Vulcan in any action by Concepts or Ascend based on the failure of the Forging (First Cause of Action). Vulcan also seeks contractual indemnification from Defendants, if Ascend or Concepts recover judgment against Vulcan, based on the Forging's nonconformity with the specifications in Vulcan's order

3

(Second Cause of Action). Vulcan seeks contractual and common-law indemnification for all damages, losses and expenses, including attorneys' fees, arising out of the performance of the Forging (Third Cause of Action.) It further seeks indemnification for the amount of any judgment against it based on Defendants' failure to procure general liability insurance (Fourth Cause of Action). Finally, it seeks a judgment that any liability imposed on Vulcan should be reduced pursuant to New York statutory indemnification and contribution law (Fifth Cause of Action).

Defendants move to dismiss Vulcan's amended complaint as premature, because no court has found Vulcan liable for any damages related to the Forging and there are no cases pending against Vulcan so that no claim for indemnification has yet arisen. Vulcan opposes Defendants' motion.

**A.**     **Rule 12 (b)(1)**

A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12 (b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12 (b)(1). A plaintiff asserting proper subject-matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

A federal court only has constitutional power to adjudicate a case when the "irreducible constitutional minimum of standing" is present. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). For a plaintiff to have standing, it must allege: (1) an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or

4

hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that the injury will be redressed by a favorable decision. Id.

The requirement that a plaintiff allege an injury-in-fact is closely linked to the doctrine of ripeness. Cellco P'ship v. City of Rochester, 473 F. Supp. 3d 268 (W.D.N.Y. 2020). "[C]onstitutional ripeness" is "a specific application of the actual injury aspect of Article III standing" *i.e.*, an injury-in-fact. Id. (citing National Org. for Marriage, Inc. v. Walsh, 714 F.3d 682, 688 (2d Cir. 2013)). "Constitutional ripeness, in other words, is really just about the first [standing] factor—to say a plaintiff's claim is constitutionally unripe is to say the plaintiff's claimed injury, if any, is not 'actual or imminent,' but instead 'conjectural or hypothetical.' " Id.  A case is not ripe for review, and thus not justiciable, if it "depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Nat'l Org. for Marriage, 714 F.3d at 687 (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580, 105 S. Ct. 3325, 87 L. Ed. 2d 409 (1985)).

In considering a motion brought under Rule 12 (b)(1), the job of the court is to determine whether the pleading "allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." Carter v. HealthPort Techs, LLC, 822 F.3d 47, 56 (2d Cir. 2016) (citing Amidax Trading Grp v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011)).

The standing issue "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment," Id. (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)).

**B.   Rule 12 (b)(6)**

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon

5

which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.")

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id.; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint,

which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context-specific and requires that the court draw on its judicial experience and common sense. Iqbal, 556 U.S. at 679. First, statements that are not entitled to the presumption of truth—such as conclusory allegations, labels, and legal conclusions—are identified and stripped away. See id. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

### C. This Court lacks subject-matter jurisdiction over Vulcan's indemnification claim for future lawsuits.

To address Vulcan's claims for indemnification, this Court first divides them into two categories: those where Vulcan has alleged a loss, and those where any loss is purely speculative. It will address the speculative claims first.

Defendants argue that Vulcan's claims for indemnification of any future losses is speculative, given that no court has found Vulcan liable to Concepts or Ascend and there is no suit against Vulcan pending at this time.

This Court agrees, because it cannot discern any actual injury to Vulcan from any future lawsuits. "New York law clearly provides that a claim for indemnification or contribution is premature where there has been neither entry of judgment nor payment." Tyco Int'l Holdings S.a.r.l. v. Atkore Int'l Grp. Inc., No. 14 CIV. 7968 PAC, 2015 WL 5472941, at *2 (S.D.N.Y. Sept. 17, 2015) (quoting Armored Grp, LLC v. Homeland Sec.

7

Strategies, Inc.*,* No. 07 Civ. 9694, 2009 WL 1110783, at *3 (S.D.N.Y. Apr. 21, 2009)). By this reasoning, Vulcan's claims are premature.

Vulcan argues that its claims for future losses should not be dismissed because if it does not file them within New York's statute of limitations, the statute of limitations on its indemnification claims will run. But Vulcan misapprehends the nature of an indemnification claim. "The cause of action for indemnification … is independent of the underlying wrong and for the purpose of the Statute of Limitations accrues when the loss is suffered by the party seeking indemnity." McDermott v. City of New York, 50 N.Y.2d 211, 216, 406 N.E.2d 460 (1980). "Indemnification claims generally do not accrue for the purpose of the Statute of Limitations until the party seeking indemnification has made payment to the injured person." Id. at 216.

Here, Vulcan has made no payment to any injured person—either Concepts, which sought indemnification from Vulcan in the Florida action, or Ascend, which brought the Florida action. Rather, Vulcan was dismissed from the Florida action on the basis of lack of personal jurisdiction, and was not found liable to Concepts or to Ascend. Because Vulcan has not been judged liable, nor made any payment to any injured party, its indemnification cause of action as against Defendants has not yet arisen. Such a claim may arise if and when a new suit against Vulcan is filed, or when Vulcan pays damages. Until that point, this claim is unripe for adjudication.

Vulcan further argues that the settlement between Concepts and Ascend represents a final judgment, and is therefore a basis for Vulcan holding Defendants liable to it. (Docket No. 27 at p. 5.) But this settlement starts the clock for the paying party (i.e. Concepts) to bring claims for indemnification against any party from which it seeks

8

indemnification (i.e. Vulcan). It does not represent an actual loss or injury to Vulcan for which Defendants can be held liable, and therefore does not constitute an injury-in-fact that would allow this Court to exercise jurisdiction over the claim.

### D. Vulcan has stated a claim for indemnification for attorney's fees in the Florida Action.

Unlike its claims for indemnification for possible liability in not-yet-filed lawsuits, Vulcan's claim to recover its attorney's fees incurred in defending the Florida action survives Defendants' motion to dismiss. At this stage, this Court must take the allegations in the amended complaint as true. In doing so, this Court finds both that it has jurisdiction and that Vulcan has stated a claim.

Vulcan has alleged an injury-in-fact arising from its defense of the Florida action: it had to pay attorneys' fees and costs. Vulcan also alleges that Defendants agreed to indemnify Vulcan from losses and expenses, "including, not limited to, attorneys' fees, arising out of or resulting from the performance of Finkl's fabrication and/or forging of the Forging." (Docket No. 1-3, ¶ 32.) And it appears, at this stage, that this broad language could include the Florida action, a case that Vulcan alleges "arises out of" the failure of the Forging.[2] At this stage, Vulcan has sufficiently alleged both a loss and an indemnification obligation.

Vulcan also seeks attorney's fees and other losses and expenses that *will be* incurred in defending "any other action brought by Ascend or Concepts." (Id., ¶ 35.) This claim fails for the standing-related reasons stated above. This Court lacks jurisdiction over

---

[2] Because Vulcan has not attached a copy of its contract with Defendants to its complaint, this Court is limited to considering the allegations on the face of the complaint as it relates to the contract's indemnification provisions.

9

attorney's fees and losses in "any other related action" that might one day be brought, where Vulcan does not allege any actual injury to itself.

### E. Failure to procure insurance

Vulcan's fourth cause of action alleges that Defendants agreed to procure general liability insurance in favor of Vulcan and failed to do so. (Docket No. 1-3, ¶ 37.) But Vulcan does not allege that it has sought or been denied reimbursement for any losses through Defendants' insurance coverage. Therefore, it has not alleged an injury-in-fact that would give rise to jurisdiction over this cause of action. Insofar as Vulcan seeks damages from Defendants for failing to procure insurance coverage for any losses that it might suffer in any future lawsuits, this claim is dismissed for lack of subject-matter jurisdiction.

### F. Contribution Claims under NY Law

Vulcan's claim for contribution under New York law seeks a reduction in Vulcan's liability, if any, in such amount as it is determined that damages sustained by "Ascend, Concepts, or any other party in the Florida Action or any other related action, if any, were caused by the negligence and/or culpable conduct of Finkl." (Docket No. 1-3, Wherefore clause, at p. 9.) This is a speculative claim, based on a finding of liability that has not yet been made. As discussed above, this Court lacks jurisdiction over claims where Vulcan has not sustained an injury-in-fact.

Applying New York's contribution and indemnification law, N.Y. C.P.L.R. § 16, leads to the same result: "it is well-settled that claims for contribution do not accrue 'until a judgment or settlement has been paid.'" Williams v. Town of Hempstead, No. CV161992ADSAYS, 2019 WL 2363161, at *15 (E.D.N.Y. Feb. 22, 2019), report and recommendation adopted as modified, No. 16CV1992ADSAYS, 2019 WL 1403114

10

(E.D.N.Y. Mar. 28, 2019) (quoting Indian Harbor Ins. Co. v. City of San Diego, 972 F. Supp. 2d 634, 645 (S.D.N.Y. 2013)); see also Hanson v. New York City, No. 15-cv-1447, 2018 WL 1513632, at *23 (E.D.N.Y. Mar. 27, 2018) (noting that contribution and indemnification claims "do not generally ripen until a judgment in the underlying action is paid"); Warwick Admin. Group v. Avon Prods., Inc., 820 F. Supp. 116, 124 (S.D.N.Y. 1993) (stating that "a cause of action for contribution does not accrue until payment of the underlying liability has been made by the suing party"). Vulcan has not paid any underlying liability, and it has therefore not stated a claim for contribution. Because this Court lacks jurisdiction over its claim, and because Vulcan has failed to state a claim, this Court will dismiss Vulcan's claims pursuant to New York C.P.L.R. § 16.

## IV.  CONCLUSION

For the reasons stated above, Vulcan's claims for indemnification in cases that are not pending will be dismissed, because Vulcan has not alleged any injury. Because Vulcan has incurred a liability in defending the Florida action, and because Vulcan alleges that Defendants agreed to indemnify it for attorneys' fees, Vulcan's claim for contractual indemnification of its attorney's fees and costs in defending the Florida action will not be dismissed. Vulcan's claim for New York statutory indemnification and contribution will be dismissed for both lack of subject-matter jurisdiction and for failure to state a claim. Because the stay has been lifted in this matter (see Text Order dated June 23, 2020, Docket No. 24), the remaining claim in this matter can proceed.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 25) is GRANTED IN PART and DENIED IN PART.

FURTHER, that Defendants shall answer or otherwise move within 14 days of the entry date of this Decision.

SO ORDERED.

Dated: January 26, 2021
Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge