UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VULCAN STEAM FORGING CO.,
        Plaintiff,

v.

A. FINKL AND SONS CO., COMPOSITE FORGINGS, LLC, and FINKL HOLDINGS LLC,
        Defendants/Third-Party Plaintiffs,

**DECISION AND ORDER**
19-CV-962S

v.

ELECTRALLOY CORPORATION and G.O. CARLSON, INC.,
        Third-Party Defendants.

## I.  INTRODUCTION

Before this Court is the unopposed motion of Defendants/Third-Party Plaintiffs A. Finkl & Sons Co., Composite Forgings LLC, and Finkl Holdings LLC (collectively, "Finkl") to remand the primary action to New York state court. Because this Court finds that it lacks subject-matter jurisdiction, it will grant Finkl's motion, remand the primary action, and dismiss the third-party action.

## II.  BACKGROUND

The following is a summary of facts as contained in Vulcan's Amended Complaint, status reports filed by the parties, and in Defendants' third-party complaint against G.O. Carlson, Inc., and Electralloy Corporation. This Court assumes the truth of the factual allegations contained therein. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta

1

Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

Vulcan Steam Forging Co., a New York business that sells specialty steel products, contracted with nonparty Concepts NREC, LLC, to provide two forged pieces. ("The Forging.") (Docket No. 1-3, ¶¶ 1, 11, 13.) Vulcan then contracted with Finkl for Finkl to produce the Forging. (Id., ¶ 15.)

Finkl provided the Forging to Vulcan who then provided it to Concepts. Concepts used the Forging in an NOx expander wheel that it supplied to nonparty Ascend Performance Materials, LLC. (Docket No. 1-4, ¶ 8.) The expander wheel catastrophically failed within hours of its installation, causing Ascend to suffer financial damages. (Id., ¶¶ 16, 34.) Ascend sued Concepts in the U.S. District Court for the Northern District of Florida, and Concepts filed a third-party complaint against Vulcan in the same action, alleging that the Forging was defective. (Id., ¶ 17.) The District Court for the Northern District of Florida dismissed Concepts' third-party action, finding that it had no personal jurisdiction over Vulcan. (Docket No 1-3, ¶ 19.)

Thereafter, Vulcan commenced an indemnification action against Finkl in New York State Supreme Court, claiming that Finkl was obliged to indemnify it for any recovery by Concepts and for the attorney's fees Vulcan had incurred in defending the Florida action. On July 22, 2019, Finkl removed the action to this Court, which entered a stay while the parties waited to learn the outcome of the Florida action, and to see whether Concepts would sue Vulcan in Vermont, where Concepts has its headquarters. (Docket Nos. 9; 1-1, ¶ 2.) On June 23, 2020, with no action against Vulcan pending in any court, this Court lifted its stay. (Docket No. 24.) Finkl then moved to dismiss Vulcan's claims against it. (Docket No. 25.)

In resolving Finkl's motion, this Court found that it lacked subject-matter jurisdiction over Vulcan's claim for indemnification. Because no court had found Vulcan liable to Concepts nor had Concepts commenced any action against Vulcan, this Court found that Vulcan's indemnification claim was unripe. (Docket No. 33.) This Court further found, however, that Vulcan's claim for attorney's fees was ripe for adjudication, because Vulcan had incurred fees in defending the Florida action. (Id.) This Court subsequently granted Finkl leave to file a third-party complaint against G.O. Carlson, Inc., and Electralloy Corporation, parties that Finkl alleges provided it with defective products or materials for the Forging that it supplied to Vulcan. (Docket No. 40, ¶ 40.)

Carlson and Electralloy have not answered or responded to Finkl's third-party complaint, the parties having stipulated to multiple extensions of their time to do so. (See Docket Nos. 50, 52, 54, 56.)

### III.  DISCUSSION

Finkl seeks remand of the primary action to state court because discovery has revealed that Vulcan's attorney's fees claim falls short of the amount-in-controversy requirement for diversity jurisdiction. Vulcan does not object to remand.

Under Article III of the Constitution, federal courts have jurisdiction to hear cases and controversies arising under the laws or constitution of the United States.  U.S. Const. Art. III. A plaintiff must have suffered an injury-in-fact, as opposed to a merely conjectural or hypothetical harm, to have standing to bring a claim. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). A case is not ripe for review, and thus not justiciable, if it "depends upon contingent future events that may not occur

as anticipated, or indeed may not occur at all." Nat'l Org. for Marriage, Inc. v. Walsh, 714 F.3d 682, 687 (2d Cir. 2013) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580, 105 S. Ct. 3325, 87 L. Ed. 2d 409 (1985)). Because this Court found that Vulcan had not yet suffered an injury-in-fact stemming from any potential liability to Concepts, it dismissed Vulcan's indemnification claim against Finkl as unripe. (See Docket No. 33 at p. 8.)

Finkl now argues that this Court lacks subject-matter jurisdiction over Vulcan's claim for attorney's fees because the amount in controversy—which the parties agree is $29,768.45—falls short of the $75,000 required for diversity jurisdiction. (See Docket Nos. 59-3 at p. 8; 59-4 at p. 6.)

District courts have original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Such cases, when initiated in state court, can be removed to federal court pursuant to 28 U.S.C. § 1441, as Finkl did here. But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447 (c).

The general rule in cases invoking diversity jurisdiction is that "[p]leading that the amount in controversy exceeds $75,000 creates a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Wood v. Maguire Auto., LLC, 508 F. App'x 65 (2d Cir. 2013) (quoting Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003) (internal citations omitted)). And "once jurisdiction attaches, it is not ousted by a subsequent change of events." Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chi., 93 F.3d 1064, 1071 (2d Cir.

4

1996) (quoting Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 7 (1st Cir. 1995)). See also St. Paul Mercury Indem. Co. v. Red Cab Co, 303 U.S. 283, 289-90, 58 S. Ct. 586, 590-91, 82 L. Ed. 845 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."). To discourage forum shopping, courts in the Second Circuit generally hold that "even if [a] plaintiff amends his complaint after removal to reduce his claim to an amount below the jurisdictional amount, the district court is not deprived of jurisdiction." Flynn v. Bank of Am., No. CV166842DRHAYS, 2017 WL 1435862, at *2 (E.D.N.Y. Apr. 5, 2017), report and recommendation adopted, No. CV166842DRHAYS, 2017 WL 1435878 (E.D.N.Y. Apr. 21, 2017) (citing St. Paul Mercury, 303 U.S. at 292).

Because it was Finkl who originally removed this case and who now seeks remand, this Court is alert to the possibility of forum shopping. But this is not a typical forum-shopping fact pattern. Even though the original complaint contained a good faith allegation that the damages exceeded $75,000, this Court found it lacked Article III jurisdiction over some of Vulcan's claims, leaving the claim for attorney's fees unexamined as to diversity jurisdiction. This is not a case where a plaintiff seeks to destroy properly pleaded diversity jurisdiction by amending its damages claims to avoid a federal court's jurisdiction. Rather, this Court has not yet examined whether diversity jurisdiction exists, and must now conduct an initial assessment of whether the sole remaining claim properly pleads damages sufficient for diversity jurisdiction.

Having considered the parties' submissions, this Court finds that diversity jurisdiction does not exist. Finkl and Vulcan agree that the total damages alleged by Vulcan is $29,768.45, well below the amount-in-controversy required for diversity

jurisdiction. (Docket Nos. 59-4 at p. 6.) Because this Court lacks subject-matter jurisdiction over the sole claim for attorney's fees, remand is necessary. See 28 U.S.C. § 1447 (c).

The parties have not briefed the impact of remand on Finkl's third-party claims against Carlson and Electralloy. Nevertheless, this Court finds that it has neither original nor supplemental jurisdiction over the third-party claim. The only claim in Finkl's third-party complaint is for indemnification for any attorney's fees it may owe to Vulcan, an amount Vulcan and Finkl agree amounts to $29,768.45 (Docket No. 59-3 at p. 8). Because this is well below the amount-in-controversy required for diversity jurisdiction, this Court lacks original subject-matter jurisdiction over Finkl's third-party complaint.

This Court also finds that it lacks supplemental jurisdiction over Finkl's third-party claim. The relevant statute, 28 U.S.C. §1367, states that, with a few exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (a).

Because this Court lacks original jurisdiction over Vulcan's claim against Finkl, it cannot exercise supplemental jurisdiction over Finkl's third-party claim against Carlson and Electralloy. Finding subject-matter jurisdiction lacking, this Court will dismiss Finkl's third-party claim, without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, this Court remands Vulcan's primary action against

Finkl to New York State Court and dismisses without prejudice Finkl's third-party complaint.

## V.  ORDERS

IT HEREBY IS ORDERED, that Finkl's Motion to Remand to state court (Docket No. 59) is GRANTED.

FURTHER, that Finkl's Third-Party Complaint (Docket No. 40) is DISMISSED WITHOUT PREJUDICE.

FURTHER, that the Clerk of Court is DIRECTED to remand this case to New York State Supreme Court, Erie County, and then CLOSE it.

SO ORDERED.

Dated:  September 27, 2022
        Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge